UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICKY NOLAN,<br><br>                      Plaintiff,<br>     v.<br><br>CADE HERRING et al.,<br><br>                    Defendants. | Case No. 3:14-cv-00445-MMD-VPC<br><br>ORDER |

**I.    DISCUSSION**

On August 26, 2014, this Court issued an order denying Plaintiff's application to proceed *in forma pauperis* without prejudice to file a new application because the original application was incomplete. (Dkt. no. 3 at 1-2.) The Court granted Plaintiff until September 26, 2014, to file a fully complete application to proceed *in forma pauperis* or pay the full $400 filing fee for a civil action. (*Id.* at 2.) Plaintiff has not filed a new application to proceed *in forma pauperis* and has not paid the full filing fee for this action.

On September 2, 2014, Plaintiff filed a motion for temporary restraining order based on the allegations in his 42 U.S.C. § 1983 prisoner civil rights complaint. (Dkt. no. 4 at 1.) Specifically, Plaintiff seeks a temporary restraining order to prevent "retaliation of any kind during the pendency of this civil action." (*Id.*)

Plaintiff's civil rights complaint alleges claims of excessive force and denial of access to the courts based on events that took place between June 27, 2013, and August 27, 2013. (*Id.* at 7-11.) During that time, correctional officers allegedly physically

assaulted Plaintiff and then denied him the ability to file criminal charges against them. (*Id.*)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies Plaintiff's motion for a temporary restraining order. The motion for temporary restraining order does not allege that Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief. Instead, Plaintiff appears to be seeking an order to prevent possible retaliation for pursuing a civil rights complaint for events that took place a year ago even though there are no allegations that retaliation is likely. The motion is denied.

The Court shall screen Plaintiff's civil rights complaint upon receipt of either a fully complete application to proceed *in forma pauperis* or upon payment of the full $400 filing fee. The Court shall not entertain any more motions from Plaintiff until the matter of the filing fee has been resolved.

**II.    CONCLUSION**

For the foregoing reasons, it is ordered that the motion for temporary restraining order (dkt. no. 4) is denied.

It is further ordered that Plaintiff shall either: (1) file a fully complete application to proceed *in forma pauperis*, on the correct form with complete financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) pay the full $400 fee for filing a civil action

1  (which includes the $350 filing fee and the $50 administrative fee) on or before
2  September 26, 2014.
3  It is further ordered that if Plaintiff does not timely comply with this order,
4  dismissal of this action may result.
5  DATED THIS 4th day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3