

```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
```

| | |
|---|---|
| RICKY NOLAN, | 3:14-cv-00445-MMD-VPC |
| Plaintiff, | |
| v. | **ORDER** |
| CADE HERRINS, *et al.*, | |
| Defendants. | |

This is a civil rights action brought by *pro se* prisoner Ricky Nolan ("plaintiff"). Plaintiff filed his complaint on August 22, 2014 (#1). The District Court screened the complaint on December 12, 2014 (#14), and therein permitted counts I and III to proceed. Pursuant to the District of Nevada's Early Inmate Mediation program, the District Court stayed the case for ninety days. Soon thereafter, this court scheduled the mediation for March 10, 2015 (#18). Unavailability of necessary parties delayed the mediation until May 26, 2015 (#21).

On June 1, 2015, the court ordered defendants to answer the complaint or file other appropriate motions by July 31, 2015, and also ordered the Attorney General's Office to indicate, by June 22, 2015, whether it would accept service on behalf of defendants (#29). The AG's Office did so accept for four defendants, each of whom is a current NDOC employee, on June 18, 2015 (#32). As of the date of this order, defendants have yet to file an answer or opening motion, but they retain three weeks to do so. Nevertheless, despite the early stage of this litigation, plaintiff has cluttered the docket with motions that are now before the court: docket numbers 28, 35, 37, 38, and 39. Having reviewed the motions and corresponding papers, this order follows.

**I.      Motion for Recusal of Defense Counsel (#28)**

Plaintiff seeks recusal of defense counsel John L. Ward due to Ward's alleged bad faith negotiations at the inmate mediation. (#28 at 1.) Plaintiff contends information provided by Ward was "false" and "untrue," and is also not part of the record. (*Id.*)

The motion is **DENIED**. First, no information is yet part of the record because this action is in its opening stages. As the court's procedural history discussion indicates, defendants have not yet even filed an answer or opening motion and have several weeks to do so. Second, plaintiff has provided insufficient evidentiary basis to support his contentions that Ward offered false or untrue information; as such, the motion lacks factual basis. Third, plaintiff identifies no legal basis for disqualification of counsel simply because plaintiff holds a differing view of the facts. For these reasons, plaintiff's motion is entirely frivolous.

## II.     Motion for Imposition of a Financial Penalty (#35)

Plaintiff next moves the court to impose a $10,000 "financial penalty" upon defendants because their June 18 notice (#32) accepted service on behalf of only four defendants, rather than each of the six who remain in this lawsuit. (#35 at 1.) Defendants oppose on the basis that the AG's Office accepts service only on behalf of current NDOC employees, and the two omitted defendants are no longer with the Department. They further note that they filed under seal the last known addresses of the other defendants, and are awaiting service of said defendants prior to filing a notice of appearance on their behalves, if those defendants so consent. (*See* #36 at 2-3.)

Plaintiff's motion for a financial penalty is yet again frivolous. It is **DENIED**. Plaintiff bears the burden of serving defendants, and the NDOC is not responsible for paying a "penalty"—a sanction for which plaintiff identifies no legal basis—simply because he has not yet effected their service.

## III.    Motions for Service (#s 37, 38)

As explained, the AG's Office did not accept service of process on behalf of defendants Glenn Dolezal and Nathan Mingo, both of whom are no longer employees of the Nevada Department of Corrections. Plaintiff's motions appear to indicate his desire that the U.S. Marshal Service attempt service upon them. If plaintiff wishes to have the U.S. Marshal attempt service, he shall comply with the following instructions.

The Clerk shall **ISSUE** summonses for **Glenn Dolezal** and **Nathan Mingo** and send the same to the U.S. Marshal with the addresses provided under seal (#33). The Clerk shall also

**SEND** a copy of the complaint (#15), a copy of the screening order (#14), and a copy of this order for service upon the defendants. The Clerk shall also **SEND** to plaintiff two USM-285 forms. Plaintiff shall have until **Friday, July 31, 2015,** to complete the USM-285 service forms and return them to the U.S. Marshal, 400 South Virginia Street, 2nd Floor, Reno, Nevada 89501.

If plaintiff fails to properly complete and return the USM-285 forms by the indicated deadline, defendants Dolezal and Mingo will be dismissed for failure to complete service of process pursuant to Fed. R. Civ. P. 4(m). Having ordered service, the court **DENIES as moot** plaintiff's service-related motions (#s 37, 38).

### IV.     Motion for Appointment of Counsel (#39)

Finally, plaintiff seeks appointment of counsel. He so moves on the basis that: (1) he has only a sixth-grade education; (2) he has poor handwriting; (3) he has only limited access to legal materials; (4) he cannot investigate facts because he is incarcerated at Ely State Prison, a maximum-security facility; (5) the claims in this case, arising from constitutional rights, are complex and unfamiliar to him; (6) he lacks legal knowledge and abilities; and (7) he lacks financial resources to hire private counsel. (#39 at 1.)

The motion is **DENIED**. A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). In only "exceptional circumstances," the court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the

finding. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). The court exercises discretion in making this finding. *Id.* (citing *Palmer*, 560 F.3d at 970).

In the present case, there are no exceptional circumstances that merit appointment of counsel. Even if it is assumed that plaintiff is not well versed in the law, is of limited educational background and legal knowledge, his case is not exceptional. The court presides over similar constitutional claims of inmates almost daily. Therefore, the court will not enter an order directing the appointment of counsel in this case. Plaintiff has demonstrated that he is able to litigate this case on his own by filing not only a complaint, but countless motions before the court.

* * *

In closing, plaintiff is advised that the filing of frivolous and legally unsupported motions is forbidden by the Local Rules of Practice and the Federal Rules of Civil Procedure. The court has a heavy docket. Plaintiff's case is just one of hundreds before the court, and his frivolous filings slow the pace of his litigation. They also place him at risk of sanctions.

At this early juncture, the court will be lenient because plaintiff is a *pro se* party. However, plaintiff is hereby warned that his status as an inmate does not give him a blank check to clutter the docket. *See Schenker v. Rowley*, No. 3:12-cv-00174-LRH-VPC, 2013 WL 321688, at *3-4, 5-6 (D. Nev. Jan. 28, 2013). The court takes judicial notice that plaintiff has filed and litigated cases in federal court before; therefore, he cannot claim ignorance of applicable procedural rules and standards by which he must abide.

Once again, plaintiff is advised that his status as an indigent litigant will not dissuade the court from issuing appropriate sanctions against him if he continues to flout applicable rules. He shall submit motions moving forward **only** when he makes a good faith effort to identify meritorious bases in law and fact and present the same within said motions.

**IT IS SO ORDERED.**

DATED: July 10, 2015

UNITED STATES MAGISTRATE JUDGE