UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKY NOLAN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br><br><br>CADE HERRINS, *et al.*,<br><br>　　　　　　　Defendants. | 3:14-cv-00445-MMD-VPC<br><br><br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before is plaintiff's motion for a preliminary injunction (#27).[1] Defendants opposed (#31). The court has reviewed the motion and opposition, and hereby recommends that the motion be denied.

**I.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Ricky Nolan ("plaintiff") is an inmate in custody of the Nevada Department of Corrections ("NDOC"). Presently, plaintiff is incarcerated at Ely State Prison ("ESP") in Ely, Nevada. Pursuant to 42 U.S.C. § 1983, plaintiff brings a civil rights action for violations of his constitutional rights. On December 12, 2014, the District Court screened the complaint (#14). Therein, the Court permitted the following claims to move forward: in count I against defendants Herring, Hollingworth, Mingo, Clark, Dolezal, and Hunt, an Eighth Amendment claim for

---

[1] As defendants correctly observe, plaintiff styles his motion as one for a temporary restraining order. However, he served the motion upon defendants as does the moving party with a preliminary injunction. *See* Fed. R. Civ. P. 65(a). In contrast, the moving party is does not serve a temporary restraining order, which is sought on an *ex parte* basis. *See* Fed. R. Civ. P. 65(b). Therefore, the court construes the motion as one made pursuant to Rule 65(a). In either case, "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions[,]" *V'Guara Inc. v. Dec*, 925 F. Supp. 2d 1120, 1123 (D. Nev. 2013), which renders identical the above analysis of plaintiff's entitlement to injunctive relief.

excessive use of force (#15 at 4-5); and in count III against Herring, a First Amendment claim for retaliation (*id*. at 6-7).

On May 26, 2015, the parties participated in a mediation session as part of the District of Nevada's early inmate mediation program. They did not settle. Subsequently, on June 1, 2015, plaintiff moved for preliminary injunctive relief (#27) due to events that took place before and during the mediation, as described more fully below. This recommended disposition follows.

## II.   LEGAL STANDARD

Courts may grant preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. Such remedies are disfavored, as they are "extraordinary and drastic . . . ." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations omitted); *see also Winter v. Natural Res. Defense Council*, 555 U.S. 7, 21 (2008). Ordinarily, preliminary injunctive relief preserves the status quo pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009).

When seeking a preliminary injunction, the moving party must satisfy several showings. He must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the equities balance in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In circumstances where the likelihood of success is uncertain because of "serious questions" relating to the merits of the case, but irreparable injury is likely and the balance of hardships "tips sharply" in the movant's favor, the Ninth Circuit also employs a "sliding scale" test. *Cottrell*, 632 F.3d at 1134-35. Thereunder, an injunction is appropriate where the other three factors weigh heavily in the movant's favor and the "costs outweigh the benefits of not granting an injunction." *Id*. at 1133-34 (quoting and discussing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)).

Other considerations also apply to preliminary injunctive relief within the prison environment. First, in contrast to injunctive relief that maintains the status quo, a more stringent standard applies where a party seeks affirmative relief. When "a party seeks mandatory

preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Second, courts must weigh additional factors in inmate civil rights litigation. Under the Prison Litigation Reform Act ("PLRA"),

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

Finally, injunctive relief properly binds only parties to the suit and individuals "in active concert" with those parties. *Zenith Radio Corp. v. Hazeltine Research*, 395 U.S. 100, 112 (1969). Because a federal court should not "attempt to determine the rights of persons not before the court[,]" it must "tailor the injunction to affect only those persons over which it has power." *Zepeda v. U.S. Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983) (internal quotations omitted). The Supreme Court has instructed that preliminary injunctive relief is to be of the "same character as that which may be granted finally" and may not relate to "matter[s] lying wholly outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).

### III.   DISCUSSION

In his motion, which is difficult to interpret at times, plaintiff apparently seeks an order by the District Court to stop alleged retaliation by defendants. On May 26, 2015, the day upon which he participated in this District's early inmate mediation program, plaintiff alleges that defendants informed him that he would be moved from one cell to another. Defendant Herring, an ESP correctional officer, arrived at plaintiff's cell to conduct the move, and this placed plaintiff "in fear of his life" because of Herring's prior attack upon plaintiff—i.e. the basis for the count I excessive force claims. (*See* #27 at 2.) Apparently, no bed move actually occurred, and plaintiff seemingly suggests that this incident—that is, causing him emotional distress—was retaliation for his filing of this lawsuit. (*Id.*) He seeks an order to prison officials "to stop

1   [placing] this type of mental stress upon [him.]" (*Id.*)  Defendants oppose on the basis that
2   plaintiff fails to carry the burden of establishing, under the relevant factors, his entitlement to
3   injunctive relief. (*See* #31 at 5-7.)

4   The court recommends that the motion be denied. Plaintiff seeks relief outside the scope
5   of the lawsuit. His First Amendment claim against Herring relates to alleged retaliatory
6   statements Herring made to plaintiff on August 27, 2013. Plaintiff contends that Herring
7   threatened to inflict physical injury upon him if he continued to file grievances about the alleged
8   beating. (#15 at 6.) Although plaintiff seeks redress for retaliation in that claim, the alleged
9   retaliation for which he seeks redress in his motion concerns bed moves and mere interaction with
10  some of the defendants—issues that are not related to the retaliation claim itself. Accordingly,
11  the requested relief is different from that which can be finally granted, and is not a proper subject
12  of a preliminary injunction. *De Beers Consol. Mines*, 325 U.S. at 220. Relatedly, to the extent
13  that the motion seeks an order to prevent a cell move or other actions that cause plaintiff anxiety,
14  it improperly seeks to enjoin non-parties. *Zenith Radio Corp.*, 395 U.S. at 112.

15  Moreover, the *Winter* factors do not weigh in plaintiff's favor. As to his likelihood of
16  success on the merits, plaintiff has articulated no basis for the court to conclude—and even more
17  minimally infer—that the bed moves or mere fact of interaction with Herring on the day of the
18  inmate mediation owed to defendants' retaliatory motives. Thus, he has failed to establish that it
19  is likely he can show retaliatory causation, and any retaliation claims necessarily fail. *See Rhodes*
20  *v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004) (setting forth five elements, including causation,
21  for a First Amendment retaliation claim).

22  Plaintiff has also failed to establish he will suffer irreparable harm. The court has no
23  reason to discount for lack of sincerity his statements regarding his concern for his bodily safety.
24  Nevertheless, he speaks only of speculative fears. He presents no compelling basis that suggests,
25  even were his version of the initial altercation true, that additional harm will befall him at the
26  hands of defendants. As to the cell move, plaintiff has not explained how moving cells
27  constitutes harm, let alone harm that is irreparable. Similarly absent in his motion is an argument
28  regarding the equitable considerations of the situation—that is, that the burden upon the NDOC in

preventing any and all contact between him and defendants and also in an absolute restriction on their ability to rehouse him is outweighed by the calm he would thereby obtain.  Finally, the court believes that, in light of the foregoing considerations, that the public's interest in efficient and orderly operation of its state prisons outweighs the possible benefits of the injunction that plaintiff requests.  In sum, without something more to support plaintiff's contention that further interaction with Herring or the other defendants will lead to additional physical altercations or injuries, the *Winter* factors weigh against his motion for injunctive relief.

### IV.   CONCLUSION

Plaintiff has not carried his burden of establishing his entitlement to injunctive relief, and also requests remedies beyond the scope of this action.  Consequently, the court recommends that his motion be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,  the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a preliminary injunction (#27) be **DENIED**.

**DATED**: July 21, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**