UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICKY NOLAN<br><br>                Plaintiff,<br>   v.<br>CADE HERRING, et al.,<br><br>                Defendants. | Case No. 3:14-cv-00445-MMD-VPC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

**I.   SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 108) ("R&R") relating to Defendants' Motion for Summary Judgment ("Defendants' Motion") (ECF No. 84). The Magistrate Judge recommends that Defendants' Motion be granted in part and denied in part. Defendants have objected to the R&R.[1] (ECF No. 113.) For the reasons discussed below, the R&R is accepted and adopted in full.

**II.   BACKGROUND**

Plaintiff Ricky Nolan ("Nolan") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), currently housed at Ely State Prison. Nolan is proceeding pro se and *in forma pauperis* in a suit alleging that several corrections officers violated his constitutional rights during a series of events in 2013. Nolan alleges Defendants used excessive force against him on July 27, 2013, while he was awaiting

---

[1]Defendants filed two Motions to Extend Time to file their objection, based on illness and personnel changes. (ECF Nos. 111, 112.) Good cause appearing, the motions are granted.

transport to another facility. Specifically, he alleges Defendants hit, kicked, choked, and slammed him against a wall without legal justification. Nolan further alleges that an officer later threatened him in an attempt to prevent him from complaining about the beating. (ECF No. 1-1 at 7, 11.) Following screening pursuant to 28 U.S. C. § 1915A, the Court allowed two counts to proceed: Count I, alleging that Defendants Clark, Dozezal, Herring, Hollingsworth and Hunt used excessive force in violation of the Eighth Amendment; and Count III, alleging Herring retaliated against Nolan for filing grievances, in violation of the First Amendment. (ECF No. 14.)

Defendants' Motion asks the Court to rule on Nolan's excessive force and retaliation claims, or in the alternative to limit any damages stemming from Nolan's retaliation claim. (ECF No. 84.) The Magistrate Judge issued an R&R recommending that Defendants' Motion be denied except as it relates to Defendant Dolezal, whom the Magistrate Judge recommends be dismissed from this suit. (*Id.* at 10.) Nolan filed a notice that he does not object to the R&R. (ECF No. 110.) Defendants filed an objection (ECF No. 113) to which Nolan responded (ECF No. 114.)

### III. LEGAL STANDARD

#### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to

which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting

the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

### A. Excessive Force

In the R&R, the Magistrate Judge listed the evidence offered by Defendants, including affidavits from the officers involved in the incident, various reports created afterwards, and a video of Nolan being examined by medical staff. (ECF No. 108 at 6.) She then compared that evidence to the affidavit and declaration provided by Nolan. (*Id.*) Viewing the evidence in the light most favorable to Nolan, the Magistrate Judge concluded that the characterization of the force used was a disputed matter of material of fact. (*Id.* at 7.) Defendants argue that the Magistrate Judge failed to properly account for the objective evidence beyond the officers' declarations — including the reports and video. Defendants argue that this evidence supports the officers' testimony and eliminates any material dispute about the facts. (ECF No. 113 at 6.)

The Court agrees with the Magistrate Judge's evaluation of the evidence. Though the reports do not document any immediately apparent injuries, and may undermine Nolan's version of the events before a fact finder, they do not support a conclusion that the officers did not use more force than necessary as a matter of law. The video offered by Defendants only gives a brief and partially obstructed view of Nolan's face and only documents the immediate aftermath of the incident in question. Insofar as the sworn statements from the officers contradict Nolan's sworn statements, they present a

question of credibility that is for a jury to decide. Therefore, the Court will adopt the Magistrate Judge's recommendation and deny Defendants' Motion as it relates to the excessive force claims against Defendants Herring, Hollingsworth, Clark, and Hunt. The Court also adopts the recommendation to dismiss the claim against Defendant Dolezal.

### B. Retaliation

The R&R recommends denying Defendants' Motion in regard to Nolan's retaliation claim because the claim presents genuine issues of material fact. The Magistrate Judge further recommends declining Defendants' request to limit damages as a matter of law. (ECF No. 108 at 8-9.) Defendants argue the R&R is incorrect because Nolan has not provided evidence that would support a finding that his speech had been chilled. (ECF No. 113 at 7.)

The Court agrees with the R&R and finds that Nolan's version of events permits a fact finder to draw the reasonable conclusion that Officer Herring's alleged threats chilled his speech. In fact, Defendants conceded in their reply that the retaliation claim boils down to two competing accounts of the events of August 27, 2013 — creating a "strong likelihood" of "genuine issues of fact, necessitating trial to so resolve." (ECF No. 99 at 4.) It seems Nolan, Defendants, the Magistrate Judge, and the Court are in agreement. Viewing the facts in the light most favorable to Nolan, his retaliation claim turns on a material dispute of facts. Therefore, the Court adopts the Magistrate Judge's recommendation and denies Defendants' Motion as it relates to Nolan's second claim.

### V. CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 108) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 84) is granted in part and denied in part. The Motion is granted as to the claim against Defendant Dolezal. The Motion is denied as to all other claims.

///

1    It is further ordered that Defendants' Motions to Extend Time (ECF Nos. 111, 112)
2 are granted.
3    DATED THIS 16th day of March 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE