# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICKY NOLAN,<br>                Plaintiff,<br>   v.<br>CADE HERRING, *et al.,*<br>                Defendants. | Case No. 3:14-cv-00445-MMD-VPC<br><br>ORDER |

On September 29, 2017, the Court granted the parties' stipulation of dismissal dismissing this case with prejudice. (ECF No. 148.) Since then, Plaintiff has filed two objections and a motion for reconsideration. (ECF Nos. 148 150, 158.) In these filings, Plaintiff raised similar arguments that the Court should not have dismissed this case, the settlement agreement that was provided to him contained another inmate's NDOC identification no., the settlement agreement that he signed contained 9 pages whereas the document filed with the Court contained only 2 pages, and Defendants have failed to pay him the $680 agreed to under the settlement agreement. (ECF Nos. 148 150, 158.) Plaintiff also argued that the Court failed to rule on a pending objection before granting the stipulation of dismissal. (ECF No. 158 at 2.) Defendants responded that Plaintiff agreed to the terms of the settlement agreement and signed both the agreement and the stipulation and order of dismissal, the error with respect to the inmate no. appears once in the settlement agreement, Defendants did not represent that the full settlement agreement would be filed, and Defendants were in the process of depositing the settlement fund into Plaintiff's account when Plaintiff filed his objection. (ECF No. 152.)

1          First and foremost, the stipulation and order for dismissal filed with the Court contained Plaintiff's signature and his correct NDOC inmate no. (ECF No. 147.) Plaintiff does not dispute that he signed the stipulation. While Plaintiff contends he thought the entire settlement document would be filed with the Court, the failure to include the settlement agreement does not affect the validity or enforceability of the settlement agreement. Defendants did not represent that the stipulation and order for dismissal was the settlement agreement, and the Court did not so construe. Thus, the fact that the settlement agreement contained 9 pages while the document filed—the stipulation and order for dismissal—was only 2 pages is of no import to the Court's decision to grant the stipulation and order for dismissal. The Court relied on the stipulation for dismissal in dismissing the case, not the settlement agreement.

Second, Plaintiff does not claim that he did not agree to the terms of the settlement agreement or that there was a mistake as to a material terms. His main challenge relates to the inclusion of an incorrect inmate no. in the signature line. The settlement agreement identified Plaintiff by name and identified his correct inmate no. twice on the first page. The clerical mistake relating to the inmate's number does not affect the material terms of the settlement agreement to render the agreement void or unenforceable

With respect to whether Defendants have made payment as required under the settlement agreement, failure to pay may amount to a breach of the settlement agreement. Such a failure does not affect the enforceability of the settlement agreement or the stipulation and order for dismissal.

As for Plaintiff's objection that the Court did not rule on a pending objection before dismissing this case, dismissal would render any pending objections moot.

For these reasons, the Court denies Plaintiff's request that the Court vacate the order dismissing this case. It is therefore ordered that Plaintiff's objections (ECF Nos.

///

///

148, 158) are overruled and Plaintiff's motion for reconsideration (ECF No. 150) is denied.

DATED THIS 4th day of January 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE